Requestor: Howard C. Shmaruk, Esq., Assistant County Attorney County of Rockland Allison-Parris County Office Bldg. New City, N.Y. 10956
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a full time assistant county attorney may also hold the position of part-time temporary assistant district attorney.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In a prior opinion of this office, we found that the offices of district attorney and county attorney are incompatible. Op Atty Gen (Inf) 91-45; copy enclosed. In that opinion, we found that the duties of the two positions conflict in that the county attorney represents the district attorney should he be named as a defendant in a civil action or proceeding and because of conflicts between the two positions under section 406 of the County Law.
You have indicated the duties of the part-time assistant district attorney and the assistant county attorney. The assistant county attorney has a wide variety of duties, primarily in the area of providing counsel to administrative agencies of county government. The part-time temporary assistant district attorney has responsibility for prosecution of criminal cases in local justice courts.
There does not appear to be any conflict between the duties of these two positions, as related in your May 22, 1992 opinion request. See, 1988 Op Atty Gen (Inf) 109. You have indicated that as assistant county attorney you are designated as one of the assistants who may assume the duties of the county attorney in the event of his absence or incapacity. You are one of about 17 assistant county attorneys and have indicated that you are the last link in this chain of command. Thus, it is unlikely, especially in light of the temporary nature of your assignment in the district attorney's office, that you will assume the duties of the county attorney during this time. Under these circumstances, it is our view that the two positions are compatible.
We conclude that an assistant county attorney may hold a temporary assignment as part-time assistant district attorney.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.